IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MURUGESAN KANNAYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DOLLAR PHONE CORP., *et al.*, ) | Case No. CIV-08-300-D |
| ) | |
| Defendants-Third Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHAD DOBBINS, ) | |
| ) | |
| Third Party Defendant. ) | |

# **O R D E R**

This matter comes before the Court on Plaintiff's Motion for an Award of Attorneys Fees [Doc. No. 69]. Plaintiff Murugesan Kannayan seeks to recover an award of attorney's fees for his successful prosecution of a declaratory judgment action against Defendant Dollar Phone Corp. and Dollar Phone International (collectively "Dollar Phone") and successful defense of Dollar Phone's counterclaim to obtain a declaratory judgment that an arbitration agreement in a written contract required Plaintiff's participation in an arbitration proceeding before the American Arbitration Association. Dollar Phone has timely opposed the Motion, and Plaintiff has replied. The Motion is therefore at issue.

Plaintiff seeks to recover attorney's fees under two Oklahoma statutes, Okla. Stat. tit. 12, §§ 936, 1858.[1] Dollar Phone denies that Oklahoma law governs the dispute. The Court finds that

---

[1] Plaintiff cites other statutes in his Motion but presents no argument or authority regarding them in his brief. Thus, the Court addresses only Plaintiff's properly supported claim for attorney's fees.

it need not resolve any choice of law issue because, even under Plaintiff's theory, he cannot prevail on his claim for attorney's fees.[2]

## Section 936

Section 936 authorizes an award of attorney's fees to a prevailing party in "any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise." Okla. Stat. tit. 12, § 936. Although this case and the summary judgment entered by the Court concerned the arbitrability of a commercial dispute, Plaintiff contends this case falls within the scope of Section 936 because the underlying dispute concerned a contract for goods or services. The Court finds that Plaintiff's arguments in support of this contention overstate the record and the Court's summary judgment ruling.

This case originated with a petition filed by Plaintiff in state court. The petition stated the facts regarding the parties, the execution of a distributor agreement between Dollar Phone and "Spydernett, a Kannayan Family, LLC," a dispute between the parties to that agreement arising in September, 2007, and an arbitration proceeding commenced by Dollar Phone in November, 2007, under the arbitration provision of the agreement, which was quoted in the pleading. *See* Pl.'s Motion, Ex. 6 [Doc. 69-7] at 3. Plaintiff sought a declaratory judgment "that Plaintiff Kannayan individually is not a party to the Distributor Agreement and that there is not an agreement between Plaintiff Kannayan individually and the Defendants to arbitrate . . . ." *Id*. at 5. Dollar Phone denied that Plaintiff was entitled to the relief sought and counterclaimed for a declaratory judgment

---

[2] In so ruling, the Court follows guidance from the court of appeals, which has ruled that it need not decide which state law to apply where "the choice of law would not influence the outcome." *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008).

regarding arbitrability, specifically, that Plaintiff was bound by "the arbitration provisions of the Distributor Agreements." *See* Pl.'s Motion, Ex. 8 [Doc. 69-9] at 8. Dollar Phone asserted its claim under both the Spydernett agreement and a separate agreement with "Time Advisors," which allegedly was a partnership between Plaintiff and the third party defendant, Chad Dobbins. The case proceeded to judgment upon motions for summary judgment filed by Plaintiff and Mr. Dobbins.

By the Order of February 27, 2009, the Court addressed two "gateway" issues of arbitrability, namely, whether the parties were bound by an arbitration clause and whether the clause applied to the controversy. *See* Order 3/27/09 [Doc. 57] at 7. On the first issue, the Court found that a genuine dispute of material facts precluded summary judgment on the issue of whether Plaintiff was bound by the arbitration clause of the Time Advisors agreement; Dollar Phone conceded that Plaintiff was not personally bound by the arbitration clause of the Spydernett agreement. *See id*. at 7-8. On the second issue, the Court found that Dollar Phone had failed to demonstrate a connection between Spydernett's unpaid account and the Time Advisors agreement, "such that the arbitration clause in that agreement would cover the dispute." *Id*. at 12. The Court thus concluded that Plaintiff was entitled to a summary adjudication in his favor "in that the Time Advisors arbitration provision has no application to the dispute regarding the Spydernett debt." *Id*. The Court found that Dollar Phone had failed to establish the claim asserted in defense of Plaintiff's declaratory judgment action that he had "agreed in the Time Advisors agreement to arbitrate a dispute regarding Spydernett's unpaid account." *Id*.

In arguing that this case was an action on a contract for goods or services covered by Section 936, Plaintiff misstates the issues decided by the Court. Upon examination of the pleadings and the summary judgment briefs, the record is clear that Plaintiff did <u>not</u> seek a determination that

3

he could not be held personally liable for Spydernett's debt, as argued in his current briefs. *See* Pl.'s Reply Br. [Doc. 82] at 6. Plaintiff sought only a determination that he was not a party to the Spydernett agreement, which he signed in a representative capacity, and did not otherwise agree to arbitration.[3] The underlying dispute between Dollar Phone and Spydernett was never at issue; Dollar Phone asserted no claim in this case to collect Spydernett's unpaid account or to impose personal liability on Plaintiff for the amount allegedly due. In short, Plaintiff incorrectly argues in his brief that "[t]his was not simply an action for a declaration as to arbitrability." *See* Pl.'s Reply Br. [Doc. 82] at 6. That is precisely what it was.

Plaintiff's only legal authority for the proposition that an action regarding arbitration under a contract for goods or services falls within the scope of Section 936 is *Natkin & Co. v. Midwesco, Inc.*, 863 P.2d 1222 (Okla. 1993). That case was an action to confirm an arbitrator's award after the parties had completed an arbitration proceeding. The plaintiff in *Natkin* sought to recover the amount determined by the arbitrator to be due under a contract to install piping for a construction project, and the district court ruled in the plaintiff's favor on a motion for summary judgment. *See id.* at 1223, 1224. The supreme court determined "that the essence of the summary judgment was on a contract for labor and services" and thus the plaintiff was entitled to attorney's fees under Section 936. *Id.* at 1225. As previously stated, no issue was presented in this case regarding any breach of a contract for goods or services, except to the extent that each of the contracts contained an arbitration agreement.

---

[3] Notably, Plaintiff moved for the following summary judgment regarding the Spydernett agreement: "determining Kannayan, individually, is not a party to the Distributor Agreement . . . by and between Spydernett, a Kannayan Family, L.L.C. and Dollar Phone . . . and therefore, the Plaintiff Kannayan, in his individual capacity, cannot be compelled to arbitration with the Defendants Dollar Phone under the Kannayan Family, L.L.C. Distributor Agreement . . . ." *See* Pl.'s Mot. Partial Summ. J. [Doc. 37] at 1.

Under Oklahoma law, an action does not fall within the scope of Section 936 merely because it alleges a breach of a contract for goods or services. According to the Oklahoma Supreme Court:

> It is the underlying nature of the suit itself which determines the applicability of the labor and services provisions of section 936. If the action is brought for labor and services rendered, the provisions of section 936 apply. If the nature of the suit is for damages arising from the breach of an agreement relating to labor and services the provisions of this section do not necessarily apply. **The question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services.**

*Burrows Const. Co. v. Independent School Dist. No. 2,* 704 P.2d 1136, 1138 (Okla. 1985) (footnote omitted) (emphasis added). Stated another way, Section 936 is "inapposite if the suit be one for damages arising from the breach of an agreement that relates to labor and services. The question to be resolved is whether the damages arose directly from, or are merely collateral to, the rendition of labor or services." *Holbert v. Echeverria*, 744 P.2d 960, 966 (Okla. 1987), *superseded by statute on other grounds*, *Walls v. American Tobacco Co.*, 11 P.3d 626 (Okla. 2000) (footnote omitted). Further, Section 936 must be narrowly interpreted and strictly applied. *See Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1183-84 (10th Cir. 2008); *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla. 1991).

In this case, the issue of the arbitrability of the parties' dispute under the arbitration provisions of the distributor agreements was a collateral issue to the supply of goods or rendition of services under those agreements. Neither Plaintiff's declaratory judgment action nor Dollar Phone's countersuit was a civil action "to recover for labor or services rendered, or on an open

account, a statement of account, . . . or contract relating to the purchase or sale of goods." *See* Okla. Stat. tit. 12, § 936.  Therefore, Plaintiff is not entitled to recover attorney's fees under Section 936.

## Section 1858

Section 1858 is part of Oklahoma's version of the Uniform Arbitration Act.  *See* Okla. Stat. tit. 12, §§ 1851-81.  The Act "governs an agreement to arbitrate made on or after January 1, 2006." *Id*. § 1854(A).  The Act therefore does not apply to the arbitration agreements at issue in this case, which were signed in 2005.  Moreover, the Court determined in its summary judgment ruling that "[t]his action to determine the enforceability of arbitration provisions in agreements involving interstate commerce is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16." *See* Order 2/27/09 [Doc. 57] at 7.  The Federal Arbitration Act has no comparable provision.

In any event, Section 1858 only authorizes the taxation of "costs against the party opposing the motion [regarding arbitration] if the court concludes the opposition was not brought in good faith." *See* Okla. Stat. tit. 12, § 1858(B).  The Court finds an insufficient factual basis in this case for a conclusion that Dollar Phone's position was not taken in good faith.  The fact that Dollar Phone did not persuade the Court of its position, or did not marshal sufficient factual support within the time limits set by the Court's scheduling order, does not demonstrate a lack of good faith.[4]  Plaintiff presents no other relevant fact to establish that Dollar Phone did not act in good faith in opposing

---

[4] In November, 2008, the Court denied a motion by Dollar Phone for additional time to conduct discovery because the motion "provide[d] insufficient reason for conducting late discovery." *See* Order 11/3/08 [Doc. 53].  Dollar Phone did not renew its motion before the entry of judgment.  After judgment, Dollar Phone moved to reopen the case to present additional facts and evidence that were not before the Court at the time of its decision.  The Court found insufficient reason to grant post-judgment relief and denied the motion. *See* Order 3/23/09 [Doc. 73].

...

his claim or asserting its counterclaim in this case.[5]  Therefore, Plaintiff is not entitled to recover attorney's fees under Section 1858.

    IT IS THEREFORE ORDERED that Plaintiff's Motion for an Award of Attorneys Fees [Doc. No. 69] is DENIED.

    IT IS SO ORDERED this 17th day of April, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff relies on pre-litigation threats made by a senior vice president of Dollar Phone that, while suggesting questionable business ethics, have no apparent connection to Dollar Phone's litigation position.